United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))

No. 06-41090

))))))))))))))))))))))))))))

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

KEITH DAVID HARRIER,

        Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:05-CR-226

---

Before HIGGINBOTHAM, WIENER and PRADO, Circuit Judges.

Per Curiam:[*]

    Defendant-Appellant Keith David Harrier ("Harrier") appeals the sentence he received following his guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a). For the reasons that follow, we AFFIRM the sentence imposed by the district court.

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2005, Harrier was charged by the grand jury for the Eastern District of Texas with two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On March 10, 2006, Harrier and his counsel signed a factual resume stipulating that Harrier had robbed two banks: Bank One in Denton, Texas, on September 12, 2005 (the offense specified in count one of the indictment), and Chase Bank in Denton, Texas, on September 20, 2005 (the offense specified in count two of the indictment). Prior to the admission of the second bank robbery, the factual resume states, "Pursuant to U.S.S.G. § 1B1.3, Relevant Conduct, the following facts are admitted by the Defendant and may be used in calculating his sentencing guidelines."

On March 13, 2006, without a written plea agreement, Harrier pleaded guilty to count one. In the judgment entered on March 29, 2006, count two was dismissed on the motion of the United States.

At Harrier's June 29, 2006 sentencing hearing, the district court accepted the Presentence Report's determination that two points should be added to Harrier's offense level on the basis of Harrier's commission of the second bank robbery. The court concluded that, although Harrier had not pleaded guilty to nor been convicted of this second bank robbery, the offenses admitted in Harrier's factual statement could be included in Harrier's offense level pursuant to U.S.S.G. § 1B1.2(c).

Counsel for Harrier objected to the two-level increase at the hearing, arguing that § 1B1.2(c) was inapplicable. Counsel first claimed that "[t]here's not a plea agreement, there's just a factual statement." Counsel further argued that, in accordance with the statement in his factual resume, Harrier admitted the second bank robbery solely for "relevant conduct" analysis under U.S.S.G. § 1B1.3.

The district court overruled Harrier's objection. The court stated, "If he's admitting the second bank robbery and stipulating to it in the factual statement, then under 1B1.2(c) that additional offense shall be treated as if he had been convicted of that offense." The court cited United States v. Moore, 6 F.3d 715 (11th Cir. 1993), in support of this conclusion.

Harrier now timely appeals his sentence. Harrier's sole argument on appeal is that § 1B1.2(c) does not apply in his case because he had no plea agreement.

## II. JURISDICTION AND STANDARD OF REVIEW

This is an appeal from a final judgment of a district court in a criminal case. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the district court's interpretation and application of the Guidelines de novo. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). We review the district court's factual findings for clear error.

3

<u>United States v. Creech</u>, 408 F.3d 264, 270 (5th Cir. 2005).

## III. ANALYSIS

Section 1B1.2(c) states:

> A plea agreement (written or made orally on the record) containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s).

The plain language of § 1B1.2(c) makes clear that this provision does not apply where there is no plea agreement "written or made orally on the record." Harrier argues that there was no such plea agreement in his case. Harrier is correct that there was no written plea agreement in his case. However, after thoroughly reviewing the transcripts of Harrier's plea hearing and sentencing hearing, we conclude that there was a plea agreement "made orally on the record."

As Harrier points out, evidence against the existence of a plea agreement can be found in the district court's statements that "I have no plea agreement," "there is no plea agreement," or "you have no plea agreement." A review of the full record, however, makes clear that the court was referring on these occasions to the absence of a *written* plea agreement. The existence of an *oral* agreement between Harrier and the government can be inferred from the facts that Harrier pleaded guilty to count one of the indictment and the government dismissed count two. This inference receives support from the court's statement

4

that "[Defense counsel] is telling me that Mr. Harrier is going to enter a plea of guilty to count 1. Is that the government's agreement, to dispose of this case by receiving a plea of guilty to one of the two counts?" and the government counsel's indication of assent. It receives further support from the court's statement:

> Mr. Harrier, based upon the factual statement that you have signed and based upon the agreement by the government that your plea of guilty to count 1 of the indictment here, with the understanding that count 2 would constitute relevant conduct, that your plea to that one count would dispose of this entire case–and that's my understanding here . . .

and from Harrier's expression of assent.

These statements by the court and expressions of assent by the government and defendant also indicate that the plea agreement was "made orally on the record," since the terms of the agreement were stated and assented to on the record. We therefore conclude that Harrier's argument fails.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM Harrier's sentence.

AFFIRMED.

5